The Honorable Gracia Yancey Backer Representative, District 23 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Backer:
This opinion is in response to your question asking:
 Whether employees of a utility company who, on occasion in the course of their employment, drive vehicles such as one-ton crew cab trucks and 24,000 lb. stake bed trucks in which tools, equipment and employees are transported, and who, at other times in the course of their employment, drive passenger cars or pickup trucks, may do so with only a Class F license.
The "Uniform Commercial Driver License Act" was enacted by House Bill No. 3, 85th General Assembly, First Extraordinary Session (1989), to achieve compliance with the provisions of the "Commercial Motor Vehicle Safety Act of 1986," Title XII of P.L.99-570, 49 U.S.C.A. App. § 2701 et seq.
Sections 302.010 and 302.700, RSMo, as amended by Conference Committee Substitute No. 2 for House Substitute No. 2 for House Committee Substitute for House Bill No. 251, 86th General Assembly, First Regular Session (1991) (which bill is referred to hereinafter as "House Bill No. 251"), provide the following definitions of "commercial motor vehicle":
 302.010. Except where otherwise provided, when used in this chapter, the following words and phrases mean:
* * *
 (2) "Commercial motor vehicle", a motor vehicle designed or regularly used for carrying freight and merchandise, or more than fifteen passengers;
* * *
Section 302.700.
* * *
 2. When used in sections 302.700 to 302.780, the following words and phrases mean:
* * *
 (6) "Commercial motor vehicle", a motor vehicle designed or used to transport passengers or property:
 (a) If the vehicle has a gross combination weight rating of twenty-six thousand one or more pounds inclusive of a towed unit which has a gross vehicle weight rating of ten thousand one pounds or more;
 (b) If the vehicle has a gross vehicle weight rating of twenty-six thousand one or more pounds or such lesser rating as determined by federal regulation;
 (c) If the vehicle is designed to transport more than fifteen passenger, including the driver; or
 (d) If the vehicle is transporting hazardous materials and is required to be placarded under the Hazardous Materials Transportation Act (46 U.S.C. § 1801 et seq.);
The definition in Section 302.700.2(6), as quoted above, is similar to the definition contained in 49 CFR 383.5, a regulation promulgated by the United States Department of Transportation.
The United States Department of Transportation has promulgated regulations creating three classifications of commercial motor vehicles labeled A, B and C. 49 CFR 383.91. These classifications, along with additional classifications, have been adopted by the Director of the Missouri Department of Revenue and promulgated as 12 CSR 10-24.200. The classifications are based on the "gross vehicle weight rating" of commercial vehicles. Section 302.700.2(18), RSMo, as enacted by House Bill No. 251, defines the term "gross vehicle weight rating":
 (18) "Gross vehicle weight rating" or "GVWR", the value specified by the manufacturer or manufacturers as the maximum loaded weight of a single or a combination vehicle, or registered gross weight, whichever is greater. The GVWR of a combination vehicle, commonly referred to as the "gross combination weight rating" or GCWR, is the GVWR of the power unit plus the GVWR of the towed unit or units;
A Class A license, as described in 12 CSR 10-24.200(2), pertains to any combination of vehicles with a gross combination weight rating or a registered gross weight of twenty-six thousand one pounds or more, provided the gross vehicle weight rating of the vehicle being towed is ten thousand one pounds or more. A Class B license, as described in 12 CSR 10-24.200(3), refers to vehicles with a gross vehicle weight rating or a registered gross weight of twenty-six thousand one pounds or more, or any vehicle towing a vehicle with a gross vehicle weight rating of ten thousand pounds or less. A Class C license, as described in 12 CSR 10-24.200(4), allows the holder to drive a vehicle with a gross vehicle weight rating of twenty-six thousand pounds or less if the vehicle is designed to transport sixteen or more passengers or if the vehicle is transporting hazardous materials and is required to be placarded or any vehicle towing a vehicle with a gross vehicle weight rating of ten thousand pounds or less. The vehicles discussed in your question would not appear to fit the classifications A, 3 or C.
Section 302.015, RSMo Supp. 1990, authorizes the Director of Revenue to make additional license classifications. This section provides:
 302.015. License classification system, director to establish — categories. — Notwithstanding the provisions of the Commercial Motor Vehicle Safety Act of 1986 (Title XII of Pub. Law 99-570), the director shall have the authority to establish a license classification system, and shall not be limited to classification of the following:
 (1) Any person, other than one subject to sections 302.700 to 302.780, who operates a motor vehicle in the transportation of persons or property, and who receives compensation for such services in wages, salary, commission or fare; or who as an owner or employee operates a motor vehicle carrying passengers or property for hire; or who regularly operates a commercial motor vehicle of another person in the course of or as an incident to his employment, but whose principal occupation is not the operating of such motor vehicle, except that a school bus operator who obtains a school bus permit as provided in section 302.272 shall not be considered in this class;
* * *
The Director of Revenue has also established classifications E and F. These are described in12 CSR 10-24.200(5) and (6):
 (5) Class E — The holder of a Class E license who receives compensation in wages, salary, commission or fare to drive any motor vehicle in the transportation of persons or property, or is an owner or employee and drives a motor vehicle carrying passengers or property for hire, or regularly drives a commercial motor vehicle of another person in the course of or as an incident to his/her employment, but whose principal occupation is not the driving of that motor vehicle, may drive any of the described vehicles provided the license bears the proper endorsement(s), if any, required for the type of vehicle being driven. A holder of a Class E license shall not be entitled to drive any vehicle whose operation requires the driver to hold a Class A, Class B or Class C license. A holder of a Class E license may drive all vehicles which may be driven by a holder of a Class F license, but not motorcycles or vehicles which require an endorsement(s) unless the proper endorsement(s) appears on the license.
 (6) Class F — The holder of a Class F license may drive any motor vehicle other than one requiring the driver to hold a Class A, Class B, Class C or Class E license, including any recreational vehicle being used solely for personal use, except that the holder of a Class F license may not drive motorcycles or vehicles which require an endorsement(s) unless the proper endorsement(s) appears on the license. Nothing in this section shall be construed to prevent operators of recreational motor vehicles for personal use from operating those vehicles with a Class F license.
In responding to your question, we assume the vehicles to which you refer are less than the weight requirements for a Class A, B or C license. The question, then, is whether the employees are required to have a Class E license. Rule12 CSR 10-24.200(5) requires a Class E license for three types of drivers: one who receives compensation in wages, salary, commission or fare to drive any motor vehicle in the transportation of persons or property; one who is an owner or employee and drives a motor vehicle carrying passengers or property for hire; and one who regularly drives a commercial motor vehicle of another person in the course of or as an incident to his/her employment, but whose principal occupation is not the driving of that motor vehicle. A holder of a Class E license is not entitled to drive any vehicle whose operation requires a Class A, B or C license.
Because we assume the vehicles driven by the employee in your question do not fall in classification A, B or C, they would not be commercial motor vehicles as defined in Section302.700.2(6), RSMo, as enacted by House Bill No. 251. Because your facts indicate the vehicles in question are used to carry tools, equipment and employees, not "freight and merchandise, or more than fifteen passengers," they also would not be commercial motor vehicles as defined in Section 302.010(2), RSMo, as enacted by House Bill No. 251. Therefore, whether the employee requires a Class E license depends on whether he receives compensation in wages, salary, commission or fare to drive any motor vehicle in the transportation of persons or property or drives a motor vehicle carrying passengers or property for hire.
The driver requiring a Class E driver's license is similar to the person formerly defined as a "chauffeur" in Section302.010(1), RSMo 1986, repealed. This office has previously issued opinions addressing whether a chauffeur's license was required.
In Attorney General Opinion No. 88, Tatum, July 6, 1953, a copy of which is enclosed, this office concluded that traveling salesmen operating company cars were not required to have a chauffeur's license. In that opinion we considered the three criteria for determining whether such a license would be necessary. As in the present case, the vehicles involved were not "commercial vehicles." We further stated: ". . . the compensation they receive is not paid to them for services performed in driving the car, but is paid to them for the performance of their other duties, specifically for the selling of the merchandise vended by the employer. . . . It is clear that the drivers in your statement of facts do not carry either passengers or property for hire." Id. at 3. See also
Attorney General Opinion No. 227, Burlison, August 5, 1964; and Attorney General Opinion Letter No. 70, Brandom, January 19, 1970; copies of which are enclosed.
Based upon the foregoing, we conclude that a Class E driver's license is not required for the employees described in your question.[1]
 CONCLUSION
It is the opinion of this office that employees of a utility company who occasionally drive one-ton crew cab trucks and 24,000 lb. stake bed trucks in which tools, equipment and employees are transported and who, at other times in the course of their employment, drive passenger cars or pickup trucks, may do so with only a Class F license pursuant to Sections 302.700
to 302.780, RSMo, and 12 CSR 10-24.200.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 88, Tatum, July 6, 1953 Opinion No. 227, Burlison, August 5, 1964 Opinion Letter No. 70, Brandom, January 19, 1970
[1] We assume that the employees about whom you inquire drive only on an occasional basis and that driving is not a regular part of the employee's duties. As discussed in the enclosed opinions, different facts may result in a different conclusion.